

1345 AVENUE OF THE AMERICAS – 15TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE: (212) 370-7889
www.egsllp.com

October 25, 2024

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Cisneros et al. v. Borenstein Caterers, Inc. et al.*
             **Civil Case No. 1:23-cv-01409**

Dear Judge Matsumoto,

This firm represents Defendants Borenstein Caterers, Inc. ("Borenstein" or the "Company") and Gilad Hachmon ("Hachmon") (collectively, "Defendants") in the above-referenced action (the "Action"). We write jointly with counsel for Plaintiffs Eddy O. Cisneros ("Cisneros") and Daniel J. Garza ("Garza") (collectively, "Plaintiffs") (Plaintiffs and Defendants, the "Parties") to address certain deficiencies in the Parties' motion for approval of their proposed settlement agreements (the "Cheeks Letter") (Dkt. No. 25), as identified by the Court in the Order denying the Cheeks Letter without prejudice (the "Order") (Dkt. No. 27).

### I. Evidence Supporting Plaintiffs' Assertions.

As stated in the Cheeks Letter, Plaintiffs initially estimated that Cisneros' potential recovery at trial is approximately $125,000.00, and that Garza's potential recovery is approximately $115,000.00, both inclusive of liquidated damages and interest but exclusive of attorneys' fees. *See* Cheeks Letter, p. 2. In the Order, the Court stated that the Parties' Cheeks Letter was deficient because the Parties failed to provide evidence supporting Plaintiffs' assertions with respect to the aforementioned alleged damages.

The alleged damages included in the Cheeks Letter were based merely upon Plaintiffs' estimates. Defendants had prepared and now provide for the Court's consideration damages calculations for Plaintiffs, annexed hereto as Exhibit A. These damages calculations were calculated using Defendants' undisputed time records and paychecks for Plaintiffs, and lay out the maximum potential damages that Plaintiffs could recover, if they were to prevail at trial. As outlined in the spreadsheet:

- If Cisneros were to prevail at trial, he may be entitled to a total of $47,266.38 in alleged unpaid wages, $47,266.38 in liquidated damages arising from the alleged unpaid wages, $10,000.00 in statutory damages for the alleged wage statement and payroll notice violations, and $21,095.05 in prejudgment interest, for a grand total of $125,627.80, exclusive of attorneys' fees.



- If Garza were to prevail at trial, he may be entitled to a total of $26,974.25 in alleged unpaid wages, $26,974.25 in liquidated damages arising from the alleged unpaid wages, $10,000.00 in statutory damages for the alleged wage statement and payroll notice violations, and $12,035.32 in prejudgment interest, for a grand total of $75,983.81, exclusive of attorneys' fees.

As set forth in the Cheeks Letter, under the terms of the proposed settlement agreement resolving Cisneros' claims ("Cisneros Proposed Settlement Agreement"), the Parties agreed to resolve Cisneros' claims for the total amount of $88,750.00, of which $80,000.00 will be paid to Cisneros. Cisneros' recovery represents approximately 169% of his alleged unpaid wages or 64% of his total potential damages. Under the terms of the proposed settlement agreement resolving Garza's claims ("Garza Proposed Settlement Agreement"), the Parties agreed to resolve Garza's claims for the total amount of $68,750.00, of which $60,000.00 will be paid to Garza. Garza's recovery represents approximately 222% of his alleged unpaid wages or 79% of his total potential damages.

The Parties posit that the amounts Plaintiffs are set to recover under the Proposed Settlement Agreements are fair and reasonable to the Plaintiffs, considering, *inter alia*, the litigation risks should this case proceed to further litigation.

II. **Attorneys' Fees.**

As set forth in the Cheeks Letter, Plaintiffs' counsel requests fees of $17,500.00 – or approximately 11% - out of the $157,500.00 settlement for both Plaintiffs. *See* Cheeks Letter, p. 3. In the Order, the Court notes that the amount of attorneys' fees sought by Plaintiffs' counsel is "considerably less than what is routinely approved by courts in this district" but denied the application for attorneys' fees nonetheless, because the Cheeks Letter failed "to offer any supporting documentation to allow the Court to ensure the reasonableness of the attorneys' fees." *See* Order, p. 10.

Pursuant to the Order, Plaintiffs' counsel now provides an Affirmation of Legal Services, annexed hereto as Exhibit B; billing records for Plaintiffs' counsel's work and fees incurred in this matter, annexed hereto as Exhibit C; and Retainer Agreements entered into between Plaintiffs and Plaintiffs' counsel, annexed hereto as Exhibit D. Based on the foregoing, Plaintiffs' counsel avers that the $17,500.00 in attorneys' fees sought are fair and reasonable.

III. **Conclusion.**

Given the foregoing, and the fact that the Court previously found that all other provisions of the Proposed Settlement Agreements are "fair and reasonable", the Parties respectfully renew their request for the Court to approve the Cisneros Proposed Settlement Agreement and Garza Proposed Settlement Agreement, and dismiss this Action in its entirety.



Respectfully submitted,

ELLENOFF GROSSMAN & SCHOLE LLP

_____
Amanda M. Fugazy, Esq.
Nicola Ciliotta, Esq.