# EXHIBIT D

# RETAINER AGREEMENT

Date: 10/17/22

Client Name: DANIEL GARZA

Matter: _____

This Retainer Agreement and Letter of Engagement confirms that you are engaging the law firm of Victor A. Carr & Associates in connection with the rendering of legal services in the above captioned Matter. It is furnished to you in compliance with Part 1215 of the Joint Rules of the Appellate Division of the Supreme Court of the State of New York.

It is agreed between us that the law firm of Victor A. Carr & Associates will represent you in this Matter upon the terms specified below:

1. Legal services performed by our attorneys shall be billed and paid at the hourly rate of $ 400 — per hour for all services performed in connection with this Retainer Agreement. Such services include, but are not limited to, conferences, telephone communications, negotiations, correspondence, drafting and submission of Court papers, legal research and Court appearances, including depositions and trials. Services performed by paralegals and technical specialists, along with travel time, shall be billed and paid at the hourly rate of $ 50.00 per hour.

2. Upon the signing of this Retainer Agreement, you agree to pay the sum of $ —0— as an initial retainer toward the total legal fee. Said sum represents an advanced payment toward the time expended in connection with this Matter. You will be credited with said payment toward the total amount of fees due under this Retainer Agreement, it being understood that, if counsel fees exceed that amount, you will be liable for the excess.

3. From time to time this office reserves the right to ask for and receive additional advance retainers to continue to undertake representation of you in this Matter. At the time of request for additional retainer, we will forward a statement to you either by mail or hand delivery, setting forth the request for additional retainer as well as the status of your account at that point. The purpose of the additional retainer is to guarantee that there exists adequate funds necessary to undertake future legal services as the course of this Matter may progress.

-1-

4.  We will maintain time records for time expended by us in connection with this Matter, along with a record of disbursements and out-of-pocket expenses incurred in the handling of your Matter. We bill our time by increments of one tenth (.10) of an hour, with a minimum billable time of two tenths (.20) of an hour for each service provided.

5.  Periodically and/or upon your request for same, an itemized bill will be sent to you reflecting the time and expenses incurred and the current balance on your account. Unless agreed to otherwise, you agree to pay all outstanding balances in full within 30 days of receipt.

6.  Disbursements and out-of-pocket expenses are not part of the legal fee and are payable as a separate charge. In the event that any disbursements are required, we will normally advance same and denote those charges on our bill. However, from time to time, we may request that you advance the cost for a significant disbursement. Disbursements can include, but are not limited to, costs for filing papers, court fees, process server fees, court reporter transcription fees, charges to obtain medical records and expert witness fees.

7.  This agreement does not contemplate any legal services in any other action, proceeding or matter except that which is captioned on page one of this agreement. If any such additional services are required, it is agreed that a separate fee will be agreed upon and charged therefor.

8.  We strive to provide the highest quality legal representation on the most cost-effective basis possible and to make our best efforts to obtain for you the best results possible. However, the Rules of Professional Conduct prohibit us from making any representations or guarantees to you regarding the outcome of this Matter and none have been or will be made.

9.  We do not anticipate having any disagreement with you about the quality, fees, costs or appropriateness of our services, but if any concerns about these matters arise, please notify us immediately and we will endeavor to resolve any disagreements in a fair and amicable manner. If for some reason we are not able to resolve any dispute that arises between us relating to our fees, you may seek to resolve the dispute pursuant to the fee arbitration procedures provided in Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

If this fee arrangement meets with your approval, kindly sign your name in the space provided for your signature and return the original of this agreement, together with your retainer check for the amount indicated in paragraph 2, to the undersigned while retaining a copy for your own records.

We look forward to being of service to you in this Matter.

Very truly yours,

*VICTOR A. CARR*

*I have received and reviewed the above
RETAINER AGREEMENT and understand and agree to all of its terms:*

_____

# RETAINER AGREEMENT

Date: November 3, 2022

Client Name: Eddy Cisneros

Matter: Cisneros v. Borenstein Caterers, Inc.

This Retainer Agreement and Letter of Engagement confirms that you are engaging the law firm of Victor A. Carr & Associates in connection with the rendering of legal services in the above captioned Matter. It is furnished to you in compliance with Part 1215 of the Joint Rules of the Appellate Division of the Supreme Court of the State of New York.

It is agreed between us that the law firm of Victor A. Carr & Associates will represent you in this Matter upon the terms specified below:

1. Legal services performed by our attorneys shall be billed and paid at the hourly rate of **$ \_400.00\_\_\_ per hour** for all services performed in connection with this Retainer Agreement. Such services include, but are not limited to, conferences, telephone communications, negotiations, correspondence, drafting and submission of Court papers, legal research and Court appearances, including depositions and trials. Services performed by paralegals and technical specialists, along with travel time, shall be billed and paid at the hourly rate of $ 50.00 per hour.

2. Upon the signing of this Retainer Agreement, you agree to pay the sum of **$ \_\_- 0 -\_\_\_ as an initial retainer** toward the total legal fee. Said sum represents an advanced payment toward the time expended in connection with this Matter. You will be credited with said payment toward the total amount of fees due under this Retainer Agreement, it being understood that, if counsel fees exceed that amount, you will be liable for the excess.

3. From time to time this office reserves the right to ask for and receive additional advance retainers to continue to undertake representation of you in this Matter. At the time of request for additional retainer, we will forward a statement to you either by mail or hand delivery, setting forth the request for additional retainer as well as the status of your account at that point. The purpose of the additional retainer is to guarantee that there exists adequate funds necessary to undertake future legal services as the course of this Matter may progress.

4.    We will maintain time records for time expended by us in connection with this Matter, along with a record of disbursements and out-of-pocket expenses incurred in the handling of your Matter.  We bill our time by increments of one tenth (.10) of an hour, with a minimum billable time of two tenths (.20) of an hour for each service provided.

5.    Periodically and/or upon your request for same, an itemized bill will be sent to you reflecting the time and expenses incurred and the current balance on your account.  Unless agreed to otherwise, you agree to pay all outstanding balances in full within 30 days of receipt.

6.    Disbursements and out-of-pocket expenses are not part of the legal fee and are payable as a separate charge.  In the event that any disbursements are required, we will normally advance same and denote those charges on our bill.  However, from time to time, we may request that you advance the cost for a significant disbursement. Disbursements can include, but are not limited to, costs for filing papers, court fees, process server fees, court reporter transcription fees, charges to obtain medical records and expert witness fees.

7.    This agreement does not contemplate any legal services in any other action, proceeding or matter except that which is captioned on page one of this agreement.  If any such additional services are required, it is agreed that a separate fee will be agreed upon and charged therefor.

8.    We strive to provide the highest quality legal representation on the most cost-effective basis possible and to make our best efforts to obtain for you the best results possible.  However, the Rules of Professional Conduct prohibit us from making any representations or guarantees to you regarding the outcome of this Matter and none have been or will be made.

9.    We do not anticipate having any disagreement with you about the quality, fees, costs or appropriateness of our services, but if any concerns about these matters arise, please notify us immediately and we will endeavor to resolve any disagreements in a fair and amicable manner.  If for some reason we are not able to resolve any dispute that arises between us relating to our fees, you may seek to resolve the dispute pursuant to the fee arbitration procedures provided in Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

If this fee arrangement meets with your approval, kindly sign your name in the space provided for your signature and return the original of this agreement, together with your retainer check for the amount indicated in paragraph 2, to the undersigned while retaining a copy for your own records.

We look forward to being of service to you in this Matter.

Very truly yours,

VICTOR A. CARR

*I have received and reviewed the above*
*RETAINER AGREEMENT and understand and agree to all of its terms:*

_____

_____